UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Penelope Stokes-Mercado, | |
| Plaintiff, | |
| v. | Case No. 2:11-CV-352 JVB |
| Educational Credit Management Corp., | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff, Penelope Stokes-Mercado, is proceeding *pro se* in her suit against Defendant, Education Credit Management Corp., the interest holder of her student loans. In 2007, Plaintiff sought and subsequently received a Chapter 7 bankruptcy discharge. One of Plaintiff's debts at the time of discharge was a student loan in excess of $45,000. Plaintiff maintains in this lawsuit that, because of her bankruptcy discharge, her student loan creditors are no longer entitled to payment.

Defendant responded to Plaintiff's suit by filing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant advances four arguments in support of its motion:

- Plaintiff's student loan debt was not discharged through the Chapter 7 bankruptcy proceedings;

- the dischargeability of Plaintiff's student loan debt is claim-precluded by the final bankruptcy discharge order;

- Plaintiff is time-barred from contesting or vacating the bankruptcy court's final discharge order; and

- this Court does not have subject matter jurisdiction because there is no ongoing adversarial bankruptcy proceeding.

The Court needs to address only the claim preclusion argument as it governs and resolves the controversy.

**A.     Background**

Plaintiff received eighteen separate student loans between 1998 and 2004 totaling $45,679. (DE 25, Mot. Dismiss at ¶ 1.) Subsequent to the receipt of the student loans, in September, 2007, Plaintiff was granted a Chapter 7 bankruptcy discharge pursuant to 11 U.S.C. § 727.[1] In 2011, Plaintiff contacted Defendant and insisted that she was no longer obligated to make payments on the student loan balance in question. Plaintiff contends the discharge absolves her of responsibility to pay her outstanding balance owed to Defendant. (*Id.*)

In its Motion to Dismiss Defendant maintains that the student loan debt was not among the debts discharged by the bankruptcy court. Defendant asserts that Plaintiff did not seek or receive an undue hardship discharge[2] of her student loan debt as required by 11 U.S.C. § 523(a)(8).[3] (DE 1, Compl. at 3.)

---

[1] Title11 U.S.C. § 727(B) states: "Except as provided in section 523 of this title a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter."
[2] "[T]he primary purpose of bankruptcy discharge is to provide debtors with a fresh start." *O'Hearn v. Educ. Credit Mgmt. Corp.*, 339 F.3d 559, 563 (7th Cir. 2003). However, "Congress has decided that some public policy considerations override the need to provide the debtor with a fresh start, and it has excluded certain debts from discharge. Unpaid student loans are among those debts excluded from discharge." *In re Chambers*, 348 F.3d 650, 653 (7th Cir. 2003). These public policy concerns are why the undue hardship determination is required. Undue hardship is not defined by the United States Bankruptcy Code, but provides a debtor relief from outstanding student loans in a proceeding conducted concurrently to the main bankruptcy proceeding if a plaintiff meets a stringent three-part test. *Greene v. United States Dep't of Educ.*, 2008 U.S. Dist. LEXIS 28309, at *22 (N.D. Ind. Mar. 27, 2008).
[3] Title 11 U.S.C. § 523(a)(8) states in relevant part that, "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents, . . . an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit" is an exception to a discharge order granted pursuant to 11 U.S.C. § 727.

The bankruptcy court's Discharge Order does not indicate that an undue hardship proceeding occurred. (*Id.*) Additionally, Plaintiff's Response to Defendant's Motion to Dismiss does not assert that she sought an undue hardship proceeding or that the bankruptcy court made an undue hardship ruling regarding her student loans. (DE 28, Resp. at 1–2.)

**B.     Legal Standards**

**(1)     *Standard for Evaluating a Motion to Dismiss***

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[4] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of

---

[4] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

Plaintiff is proceeding *pro se*, so a court must employ standards less stringent than if the complaint had been drafted by counsel. *Fields v. Roswarski*, 2008 U.S. Dist. LEXIS 2866, at *1 (N.D. Ind., Jan. 11, 2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A court is required to accept all well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Id.* (citing *Roots P'ship v. Lands' End, Inc*., 965 F.2d 1411, 1416 (7th Cir. 1992). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir. 1994), a court does not need to struggle to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Ill. State Bd. of Educ*., 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994).

**(2)** *Claim Preclusion*

The judicial doctrine of claim preclusion, or res judicata, serves to minimize "the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). Under this doctrine, a final judgment on the merits of an action bars further claims which were litigated or could have been litigated in an earlier proceeding. *Unisys Medical Plan v. Timm*, 98 F.3d 971, 973 (7th Cir. 1996). Claims are

precluded if the following three conditions are present: "(1) identities of the parties or their privies in the two lawsuits; (2) identity to the causes of action; and (3) final judgment on the merits of the first lawsuit." *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008).

**C.     Discussion**

Because Plaintiff could have litigated in bankruptcy court her claims regarding the hardship of repaying the student loans, she is precluded from raising these claims here. First, it is undisputed that Defendant and Plaintiff were parties to the first action. Plaintiff identifies Defendant as "a creditor from the Bankruptcy discharged September 27, 2007, by the United States Bankruptcy Court." (DE 1, Compl. at 1.) Likewise, Defendant acknowledges that it was a party to the original bankruptcy proceeding and is the holder of Plaintiff's student loans. (DE 25–1, Mot. To Dismiss at 1–2.)

Next, Plaintiff's current suit arises from the same cause of action and operative facts as her previous cause of action. Causes of action are identical for purposes of res judicata if the claims "[emerge] from the same core of operative facts as that earlier action." *Cole v. Bd. of Trs. of Univ. of Ill.*, 497 F. 3d 770, 772–773 (7th Cir. 2007). In the current case, the operative facts present in both claims are Plaintiff's debt and the dischargeability of that debt. Accordingly, the Court finds Plaintiff's claims identical to those previously litigated.

Lastly, the bankruptcy court's decision and discharge serves as a final judgment on the merits. A bankruptcy judge "may enter appropriate orders and judgments . . . [and] this statutory authorization includes the authority to enter final judgments" when a proceeding is core. *Ortiz v. Aurora Health Care*, 665 F.3d 906, 911 (7th Cir. 2011) (quoting *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011)). "Core proceedings" before a bankruptcy judge include, among other things, "determinations as to the dischargeability of particular debts." 28 U.S.C.S § 157 (b)(2). The

bankruptcy court's discharge was a core proceeding and therefore serves as a final judgment on the merits. The discharge order did not include an undue hardship discharge of student debt and, in fact, made no reference to it because Plaintiff had not raised this issue. Because Plaintiff could have raised this issue before bankruptcy court but did not and because all the elements of claim preclusion are satisfied, the Court must dismiss Plaintiff's Complaint.

**D.     Conclusion**

The Court GRANTS Defendants' Motion for Dismissal (DE 25).

SO ORDERED on August 13, 2012.

S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE